[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15218
Non-Argument Calendar
_____

Agency No. A95-529-711

MARIA Y. CORREDOR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 17, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Maria Yolanda Corredor ("Corredor") petitions this court for review of: (1)

the final order of the Board of Immigration Appeals ("BIA") denying her

application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"); and (2) the BIA's order denying her motion to reconsider. As to the first order, we conclude that Corredor failed to seek judicial review of the BIA's final order within the 30-day time period required by the INA, and that therefore we lack jurisdiction to consider the merits of that order. Accordingly, we DISMISS her petition for review as to that order. With respect to the second issue, we conclude that Corredor has failed to demonstrate that the BIA abused its discretion in denying her motion to reconsider its prior decision in her case. Accordingly, we DENY her petition as to that order.

## I. BACKGROUND

Corredor, a native of Colombia, entered the United States on 28 November 2001, on a non-immigrant, tourist visa. Her visa was scheduled to expire on 27 May 2002. Prior to that time, Corredor filed an application with the former INS, seeking–on behalf of herself and her daughter, Kelly Catherine Bayona[1]–asylum or withholding of removal under the INA, as well as protection under CAT. Corredor indicated in her application that she was seeking asylum or withholding of removal

---

[1] Kelly Catherine Bayona is not a party to this petition for review.

on the basis of her political opinion– specifically, her membership in the Liberal Party in Colombia.

After Corredor's visa expired, the former INS served her with a Notice to Appear, charging that she was removable for remaining in the United States for a longer time than permitted, in violation of section 237(a)(1)(B) of the INA. Corredor appeared before the Immigration Judge ("IJ") and conceded removability. Following two continuances, a hearing on her application was held on 21 December 2004. At the hearing Corredor testified in support of her application.

At the conclusion of the hearing, the IJ issued an oral decision, denying Corredor's application for asylum, withholding of removal, and protection under CAT. The IJ's decision was predicated on a few separate conclusions. First, the IJ concluded that Corredor had "provided false testimony" in support of her application, that the "underlying facts of her asylum claim. . . [were] false," and that she had "failed to provide testimony that was believable, consistent, and sufficiently detailed" so as to support a grant of asylum or withholding of removal. R100-101. Specifically, the IJ found that Corredor had testified that her father had been killed by being shot in the head–a factor which apparently added to her own fear of persecution–but that she had not mentioned this fact in her asylum application and had, in fact, stated under oath at her asylum interview that her

3

father had died of a heart attack, not of a gunshot wound. The IJ suggested that Corredor's attempts to explain this factual discrepancy were unpersuasive.

Furthermore, the IJ did not find credible Corredor's claim that she was a member of the Liberal Party. The IJ observed that Corredor had testified that she joined the Liberal Party in 1990, and yet the Liberal Party membership card included in her application reflected an issuance date of March 2002, shortly after the respondent had arrived in the United States. The IJ also found that Corredor had been unclear about which members of her family (in addition to her) belonged to the Liberal Party, and that her testimony contained additional inconsistencies about her party involvement. In light of these determinations, the IJ concluded that Corredor was not credible.

Moreover, the IJ concluded that Corredor had failed to satisfy her burden of demonstrating that she has suffered past persecution, or that she had a well-founded fear of future persecution in Colombia, on the basis of her membership in the Liberal Party. The IJ apparently determined that the incidents that Corredor had described–a single death threat by followed by telephone threats– failed to rise to the threshold of past persecution on the basis of a political opinion. Nor had Corredor established a well-founded fear of future persecution based upon her political opinion. After issuing her oral decision and denying Corredor's

4

application in full, the IJ ordered that Corredor be removed to Colombia.

Corredor timely appealed the IJ's order to the BIA. On 22 June 2006, the BIA issued a final order dismissing Corredor's appeal. The BIA concluded that the IJ's adverse credibility finding was amply supported by the record, in light of the inconsistencies in Corredor's testimony about both her political involvement in Colombia and the death of her father. The BIA also concluded that Corredor had failed to rebut the IJ's determination that Corredor had failed to establish either past persecution or a well-founded fear of future persecution. Accordingly, the BIA dismissed Corredor's appeal. Corredor did not immediately appeal the final order when it was issued in June 2006.

A month later, Corredor filed with the BIA a motion to reconsider its 22 June 2006 final order dismissing her appeal. In an order dated 31 August 2006, the BIA denied Corredor's motion to reconsider its prior order. The BIA concluded that Corredor's motion to reconsider had "failed to provide persuasive evidence or argument that erred in dismissing her appeal," but had instead simply restated Corredor's original claim and expressed Corredor's "general disagreement with the denial of relief." R2. Because Corredor's motion to reconsider had not addressed a "specific error of law or fact" in the BIA's final order of 22 June 2006, the BIA denied Corredor's motion to reconsider. Corredor timely appealed that denial, by

filing the present petition for review with this court on 29 September 2006.

## II. DISCUSSION

In her petition for review, Corredor challenges both the 22 June 2006 final order and the 31 August 2006 order denying her motion to reconsider. We address each issue in turn.

A. Corredor's Challenge to the 22 June 2006 Order

Corredor first challenges the BIA's 22 June 2006 final order, in which the BIA dismissed her appeal and agreed that she had failed to establish eligibility for asylum, withholding of removal or protection under CAT. Corredor maintains that she did establish her eligibility for asylum, withholding of removal and CAT relief, and that therefore BIA's 22 June 2006 final order was erroneous. Because Corredor failed to seek judicial review of the 22 June 2006 order within the 30-day window mandated by the INA, however, we conclude that we lack jurisdiction to consider her challenge to the merits of the 22 June 2006 order.

Under the plain language of the INA, a petitioner seeking asylum or withholding of removal may seek judicial review of a final order "not later than 30 days after the date of the final order of removal." INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). An order "shall become final . . . upon dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1(a). "Since the statutory limit for filing a petition for

6

review in an immigration proceeding is mandatory and jurisdictional, it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (citation and internal quotations omitted). In addition, the finality of a removal order is not affected by the filing of a motion to reconsider. Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995).

Here, the BIA dismissed Corredor's appeal of the IJ's decision on 22 June 2006, thereby rendering the order of removal a "final order" for purposes of the INA. Corredor was required to seek judicial review of that final order "not later than 30 days after the date [of the order]." INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). Corredor, however, did not seek review of the final order until she filed the present petition for review with this court, on 29 September 2006, plainly in excess of the 30-day time period mandated by the INA. Nor did Corredor's intervening motion to reconsider toll the deadline for filing a petition for review with this court. See Stone, 514 U.S. at 405, 115 S. Ct. at 1549.

Accordingly, we conclude that Corredor's petition for review of the 22 June 2006 final order was untimely, and that we therefore lack jurisdiction to address the merits of the BIA's decision denying her asylum, withholding of removal, and CAT relief. See, e.g., Dakane, 399 F.3d at 1272 n.3 (declining to consider the merits of the BIA's final decision due to a lack of jurisdiction, where the petitioner

7

filed her petition for review more than 30 days after the BIA's final order emanated); Narayan v. INS, 105 F.3d 1335 (9th Cir. 1997) (same). To the extent Corredor seeks review of the BIA's 22 June 2006 order, we dismiss that portion of her petition for lack of jurisdiction.

B.  Corredor's Challenge to the 31 August 2006 Order

Corredor also challenges the BIA's order of 31 August 2006 denying her motion to reconsider its earlier order. Although she contends that the order denying her motion to reconsider was erroneous, her petition for review fails to establish *how* it was erroneous, other than by reiterating her argument that she was persecuted on account of her political opinion, thereby demonstrating her eligibility for asylum and withholding of removal. After reiterating her contention that the IJ erred in concluding otherwise, she states simply that "[t]he BIA also erred in denying the motion to reconsider." Br. of Pet'r at 13.

"This court reviews the BIA's denial of a petitioner's motion to reopen [a] deportation order for abuse of discretion." Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (per curiam) (citation, quotations, and alteration omitted). See also Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003) (stating that the decision to grant a motion to reconsider is "within the discretion of the [BIA]") (citing 8 C.F.R. § 3.2(a)). We have stated that "[i]n this

8

particular area, the BIA's decision is quite broad." Gbaya, 342 F.3d at 1220 (citation and quotations omitted). On appeal, our review is "limited to determining whether there has been an exercise of administrative discretion" and whether the manner in which it was exercised "has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam).

A motion to reconsider shall state the reasons for the motion by "specify[ing] the errors of fact or law in the previous [BIA] order, and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). In this case, Corredor's motion to reconsider did not specify any errors of fact or law in the BIA's final order adopting the IJ's decision. Rather, as the BIA observed, Corredor's motion to reconsider simply reiterated her argument that she had suffered past persecution on account of a political opinion–an argument that the BIA had already considered and rejected. Because Corredor's motion to reconsider failed to specify any errors of fact or law in the BIA's prior decision, the BIA's 31 August 2006 denial of her motion to reconsider was neither arbitrary nor capricious.

## III. CONCLUSION

After a review of the record and careful consideration of the parties' briefs, we DISMISS Corredor's petition as to the BIA's final order of removal, due to a

lack of jurisdiction over that portion of her petition.  In addition, because we do not find that the BIA's denial of her motion to reconsider was an abuse of discretion, we DENY Corredor's petition as to the BIA's order denying her motion.

**PETITION DISMISSED IN PART, DENIED IN PART.**